**LOHR, Etc., Plaintiff-Appellee, v KARAGIANNI, et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3856. Decided January 24, 1946.

Robert O. Read, Columbus, for Plaintiff-Appellee.
Howard H. Gillard, Columbus, for Defendants-Appellants.

**OPINION**

By THE COURT:

This is an appeal on questions of law from the Common Pleas Court of Franklin County, Ohio. The action was originally brought in the Municipal Court of Columbus, Ohio, to recover a real estate commission for the sale of property. Judgment was rendered for the plaintiff and appeal prosecuted to the Court of Common Pleas which affirmed the Municipal Court.

The record discloses that on October 28, 1943, the defendant, Nick Karagianni signed a contract with the plaintiff authorizing him to sell his real property located at 333 St. Clair Avenue for the sum of $2,750.00. The contract gave the plaintiff the exclusive sale of the said real estate for one month. The plaintiff thereupon advertised the property for sale in all three of the Columbus newspapers. On November 22, 1943, the plaintiff procured a purchase contract for the property which was signed "Accepted for Marcellus Latham thru E. F. Lynch, his attorney, 11/23/43." It appears that

Mr. Latham was blind and for that reason the offer was signed by his attorney who was fully authorized to do so. The contract was accepted by the defendants in the following terms: "I hereby accept and agree to the above proposition this 22nd day of November, 1943, and also agree to pay your firm your regular commission, _____ for securing the herein purchaser for my property." Signed, "Nick Karagianni, Lena Karagianni." Because of the pendency of a divorce action of the purchaser, a loan could not be secured immediately, so the deal was not consummated until February 8, 1944, at which time all the terms of the contract were fully complied with except the payment of the commission to the plaintiff. The petition is based on the listing contract and the purchase contract signed November 22, 1943. The answer denies the listing of the property with the plaintiff and also that the plaintiff procured the purchaser. The answer further alleges that the property was sold by the defendants themselves without any assistance of the plaintiff; that their signatures were procured to the contract through fraud.

The errors assigned are that the Common Pleas Court was in error in sustaining the trial court as the judgment was contrary to law and not supported by the evidence.

The defendants are attacking the legality of the contract to purchase since it was signed by the attorney for the purchaser instead of by the purchaser himself. In this argument we can find no relief for the defendants as they accepted the benefits of the contract and having done so, they are bound by all of the terms thereof. They are now estopped to deny the legality of the contract. We find no evidence of fraud in the procurement of the same. These defendants wanted to sell their property, employed the plaintiff to find a purchaser, which was done and the commission was earned. The record discloses that this purchaser had known the property was for sale and had inspected it on several occasions before being contacted by the plaintiff. The last time the purchaser called on the defendants he was referred to the plaintiff by them. The plaintiff then showed the property to the purchaser and his attorney who authorized the contract which was signed.

The judgment is fully supported by the evidence and is not contrary to law. The judgment is affirmed and cause ordered remanded.

**HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.**